**THOMAS J. GOSSÉ, ESQUIRE**
I.D. No: 02750-1981
126 White Horse Pike
Haddon Heights, New Jersey 08035
(856) 546-6600
Attorney for Plaintiffs

| | | |
|---|---|---|
| KRYSTAL A. UNDERWOOD | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff | : | CAMDEN COUNTY |
| | : | |
| vs. | : | DOCKET NO. L-00507-22 |
| | : | |
| CAMDEN COUNTY OFFICE OF THE | : | |
| SHERRIFF, CAMDEN COUNTY OFFICE | : | CIVIL ACTION |
| OF THE SHERIFF EMERGENCY | : | |
| RESPONSE TEAM (SERT), BRAD | : | |
| BOEHLY, MARK KEMNER, ZACHARY | : | |
| KOLINS, MICHAEL MCNAMEE, SCOT | : | **SUMMONS** |
| MENNEL, ROBERT PLEWS, DONALD | : | |
| SOUDER, DAVID WRIGHT, ANDREW | : | |
| AUSTIN, STEPHEN BEZICH, SAL | : | |
| RUSSOMANNO, CAMDEN COUNTY | : | |
| PROSECUTOR'S OFFICE,  JOSEPH | : | |
| MILLER, DETECTIVE JAMES | : | |
| HARMON, CHERRY HILL POLICE | : | |
| DEPARTMENT, MICHAEL HIGGINS, | : | |
| JOHN/JANE DOES 1-10, ABC | : | |
| CORPORATIONS 1-5, jointly, severally | : | |
| and/or in the alternative | : | |
| | : | |
| Defendants | : | |

**THE STATE OF NEW JERSEY, TO THE DEFENDANT(S) NAMED ABOVE:**

### MICHAEL HIGGINS

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written Answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior

Court) must accompany your Answer or motion when it is filed. You must also send a copy of your Answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-586-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

**DATED:** March 21, 2022

_____ */s/ Michelle M. Smith* _____
Acting Clerk of the Superior Court

**NAME AND ADDRESS FOR SERVICE:**

Michael Higgins
~~208 Walnut Avenue~~
~~Gloucester City, NJ 08030~~
226 Virginia Ave
Haddon Twp, NJ 08108

**THOMAS J. GOSSÉ, ESQUIRE**
I.D. No: 02750-1981
126 White Horse Pike
Haddon Heights, New Jersey 08035
(856) 546-6600
Attorney for Plaintiffs

| | |
|---|---|
| KRYSTAL A. UNDERWOOD      : <br><br>               Plaintiff    : <br><br>          vs.             : <br><br> CAMDEN COUNTY OFFICE OF THE   : <br> SHERRIFF, CAMDEN COUNTY OFFICE : <br> OF THE SHERIFF EMERGENCY      : <br> RESPONSE TEAM (SERT), BRAD     : <br> BOEHLY, MARK KEMNER, ZACHARY   : <br> KOLINS, MICHAEL MCNAMEE, SCOT   : <br> MENNEL, ROBERT PLEWS, DONALD    : <br> SOUDER, DAVID WRIGHT, ANDREW    : <br> AUSTIN, STEPHEN BEZICH, SAL      : <br> RUSSOMANNO, CAMDEN COUNTY     : <br> PROSECUTOR'S OFFICE, JOSEPH     : <br> MILLER, DETECTIVE JAMES        : <br> HARMON, CHERRY HILL POLICE      : <br> DEPARTMENT, MICHAEL HIGGINS,    : <br> JOHN/JANE DOES 1-10, ABC        : <br> CORPORATIONS 1-5, jointly, severally : <br> and/or in the alternative         : <br><br>             Defendants   : | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> CAMDEN COUNTY <br><br> DOCKET NO. <br><br><br>      CIVIL ACTION <br><br><br> **COMPLAINT AND DEMAND** <br> **FOR JURY TRIAL** |

       Plaintiff, Krystal A. Underwood, residing at 13700 Richmond Park Drive, Unit 909, in

the City of Jacksonville, County of Duval and State of Florida, complaining of the defendants

says:

**INTRODUCTORY STATEMENT**

1.     This is a civil action against the defendants for monetary relief. It seeks to redress the deprivation under color of law of the rights, privileges and immunities secured by the United States Constitution and the amendments thereto, the laws of the United States, including *inter alia* 42 US.C. §1983, the Constitution of the State of New Jersey, the New Jersey Civil Rights Act, (N.J.S.A. 10:6-1 *et. seq.*) and the common law of the State of New Jersey.

2.     Plaintiff also asserts claims pursuant to the common law of the State of New Jersey.

## PARTIES

3.     At the time of the incident, plaintiff, Krystal A. Underwood, was a resident of the City of Gloucester in Camden County, New Jersey.

4.     At all times relevant hereto, Michael Higgins and/or John/Jane Doe and/or ABC corporation was the owner and/or person or entity responsible for the maintenance and the administrative tasks associated with 308 Walnut Avenue, Gloucester City, New Jersey.

5.     At all times relevant hereto, Michael Higgins and/or John/Doe and/or ABC corporation was the landlord for the property located at 308 Walnut Avenue, and specifically the plaintiff's landlord.

6.     ·At all times relevant hereto, defendant, Brad Boehly was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

7.     At all times relevant hereto, defendant, Mark Kemner was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

2

8.    At all times relevant hereto, defendant, Zachary Kolins was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

9.    At all times relevant hereto, defendant, Michael McNamee was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

10.    At all times relevant hereto, defendant, Scot Mennel was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

11.    At all times relevant hereto, defendant, Robert Plews was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer and/or Lieutenant.

12.    At all times relevant hereto, defendant, Donald Souder was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

13.    At all times relevant hereto, defendant, David Wright was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

14.    At all times relevant hereto, defendant, Andrew Austin was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

3

15.    At all times relevant hereto, defendant, Stephen Bezich was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

16.    At all times relevant hereto, defendant, Sal Russomanno was employed by the County of Camden under the direction of the Camden County Office of the Sheriff as an Emergency Response Team (SERT) Officer.

17.    At all times relevant hereto, defendant, Camden County Office of the Sheriff Emergency Response Team (SERT) were officers employed by the County of Camden under the direction of the Camden County Office of the Sheriff.  It is charged with the responsibility of establishing and enforcing policies for the training and actions of its employees, as well as the actual supervision of its employees.

18.    At all times relevant hereto, defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team (SERT) and various John/Jane Does were acting under color of law.  This action is brought against these defendants both in their individual and in their official capacities.

19.    At all times relevant hereto, defendant, Joseph Miller was employed by the County of Camden under the direction of the Camden County Prosecutor's Office as a Detective of the Narcotics Unit.

20.    Defendant, Detective Joseph Harmon, was employed by Cherry Hill Township Police Department, a municipal corporation organized and existing under the laws of the State of New Jersey and responsible for establishing and training its employees, as well as the actual supervision of its employees.

4

21.     At all times relevant hereto, defendant, Detective Joseph Harmon, was acting under the color of law. This action is brought against defendant, Joseph Harmon in his individual and official capacities.

22.     At all times relevant hereto, defendant, Joseph Miller and various John/Jane Does were acting under color of law. This action is brought against these defendants both in their individual and in their official capacities.

23.     Defendant, Camden County Prosecutor's Office is a municipal corporation organized and existing under the laws of the State of New Jersey, located in the County of Camden, and at all times relevant hereto is/was the employer of Joseph Miller, and various John/Jane Does. It is charged with the responsibility of establishing and enforcing policies for the training and actions of its employees, as well as the actual supervision of its employees.

24.     Defendant, Camden County Office of the Sheriff was established pursuant to the laws of the State of New Jersey, *inter alia* N.J.S.A. 40A:14-118, and at all times relevant hereto was responsible for the training and supervision of the Emergency Response Team (SERT) with whom plaintiff, Krystal A. Underwood came in contact and/or all of the individual defendants named above.

25.     John/Jane Does 1-10 (said names being fictitious and the true names unknown), are employees of defendants, Camden County Office of the Sheriff, Camden County Office of the Sheriff Emergency Response Team (SERT), Cherry Hill Township Police Department, Camden County Prosecutor's Office and said John/Jane Does 1-10 were individually involved in the deprivation of plaintiff, Krystal A. Underwood's constitutional rights and in the other acts of wrongful conduct more fully described herein below. Each John/Jane Doe defendants were acting under color of law, and each is being sued in his/her individual and official capacities.

ABC Corporations 1-5 are entities that may be involved in the creation, supervision, instruction, and regulation of the named defendants in this matter.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

26.   On February 24, 2020, Lieutenant, Robert Plews of the Camden County Office of the Sheriff was contacted by Detective, Joseph Miller of the Camden County Prosecutor's Office Narcotics Unit about the execution of a "No Knock" search warrant at 308 Walnut Avenue, in Gloucester City, as the result of a narcotics investigation.  Detective Miller requested that the Sheriff's Emergency Response Team (SERT) execute the search warrant on February 28, 2020.

27.   On or about February 28, 2020, at approximately 6:00 a.m., Camden County Sheriff's Officers and Camden County Prosecutor Officers comprising an Emergency Response Team (SERT) used a battering ram to enter the home of plaintiff, Krystal A. Underwood located at 308 Walnut Avenue, Apartment B in the City of Gloucester, New Jersey.

28.   Plaintiff, asleep in her bedroom at the aforesaid residence, was secured in her bedroom with zip ties while she was semi-undressed by the Emergency Response Team (SERT) without probable cause and for no justifiable reason.

29.   Plaintiff's residence was entered unlawfully as the subjects of the warrant resided in the downstairs apartment of the building, Apartment A.  Plaintiff resided in the upstairs apartment, Apartment B.

30.   The tortuous treatment plaintiff endured during the execution of the search warrant on February 28, 2020, resulted in her suffering serious and permanent mental abuse and psychological trauma.

31.     Thereafter, plaintiff was with a friend at a local place of business, The Highland Tavern located at 308 Orlando Avenue, Gloucester City, New Jersey when she was inappropriately approached by defendant, David Wright of the Camden County Office of the Sheriff causing her further anxiety and distress.

32.     Some weeks thereafter, individuals associated and/or employed by the defendants, and on acting at the direction or on behalf of the defendants, came to the plaintiff's residence AGAIN, allegedly searching for the party they believed lived in the apartment downstairs.

33.     As incredible as it may seem, some weeks after the second wrongful illegal intrusion, defendants came to the plaintiff's for the third time, claiming again that the original target of their investigation was in the plaintiff's apartment and/or being hidden or protected by the plaintiff.

34.     These aforesaid wrongful, uninvited contacts and intrusions into the life of the plaintiff have caused her to suffer mental and emotional injuries.

35.     The injuries suffered by plaintiff, Krystal A. Underwood at the hands of the defendants was so severe that Krystal A. Underwood ended up in Jefferson Cherry Hill Hospital for psychological treatment and was required to have follow-up care and rehabbing from the mental abuse and psychological trauma she suffered.

36.     By reason of the aforesaid, plaintiff, Krystal A. Underwood has been severely and permanently injured, has suffered, still suffers, and will in the future suffer great pain and anguish, and was obliged, still is, and will be obliged in the future to expend sums of money for medical and needed care for relief of the aforesaid emotional injuries.

37.     Plaintiff, Krystal A. Underwood served timely notice of claim for her damages as prescribed by the New Jersey Tort Claim act, N.J.S.A. 59:8-1 *et. seq.*

7

38.     More than six months have passed since the service of plaintiff, Krystal A. Underwood's Notice of Claims and plaintiff, Krystal A. Underwood's claims for payment remain unsatisfied.

## FIRST COUNT

**(Against defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and ABC Corporations 1-5)**

**[Constitutional and Statutory Claims]**

39.     Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 38 as though recited herein verbatim and at length.

40.     The above-claimed actions and omissions were engaged in under the color of law and authority of the defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and ABC Corporations 1-5.  The said acts and omissions included the unconstitutional and illegal search and seizure of plaintiff, Krystal A. Underwood, and the use of excessive, unnecessary and unconstitutional force against Krystal A. Underwood.  The said acts and omissions deprived plaintiff, Krystal A. Underwood of due process, civil and constitutional rights, and privileges and immunities guaranteed to her by the Constitution of the United States, (including but not limited to her Fourth Amendment right to be free from the unlawful seizure of her person, her Eighth Amendment right to be free from cruel and unusual punishment, and her Fifth and Fourteenth Amendment rights to due process of law); (42 U.S.C. §1983); the New Jersey Constitution (including but not limited to Article I, Sections 1, 7 and 12); the New Jersey Civil Rights Act, N.J.S.A.10:6-1 *et seq.*, and the New Jersey Tort Claims Act, N.J.S.A. 59:2-2a).

41.     Defendants named herein failed to have proper policies and procedures in effect and failed to adequately train and/or supervise their employees with respect to situations such as that

8

involving plaintiff, Krystal A. Underwood and said defendants knew or should have known that their failure to implement appropriate policies and procedures and to properly train and supervise employees would result in civil rights violations such as those described above.

42. The failure of the defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and ABC Corporations 1-5 to properly train and supervise their police officers, agents and/or employees as well the actions, inactions, procedures and policies – or lack thereof – taken, created and implemented by said defendants were a direct and proximate cause of the wrongful conduct and deprivation of rights enumerated above, and of the damages incurred by plaintiff, Krystal A. Underwood.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and ABC Corporations 1-5 jointly and severally, as follows:

      A.      Compensatory damages;

      B.      Punitive damages;

      C.      Costs of suit and interest;

      D.      Reasonable attorney fees pursuant, *inter alia* to 42 U.S.C. §1988; and

      E.      Any further relief this court deems appropriate and just.

## SECOND COUNT

**(Against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team (SERT) and John/Jane Does 1-10)**

**[Constitutional and Statutory Claims]**

9

43.     Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 42 as though recited herein verbatim and at length.

44.     The above-complained of actions and omissions by defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team (SERT) and John/Jane Does 1-10, were engaged in under color of law and state authority. The said acts and omissions included (but were not limited to) the unconstitutional and illegal search and seizure of plaintiff, Krystal A. Underwood and the use of excessive, unnecessary, and unconstitutional force against Krystal A. Underwood. Each using his authority and each acting in his capacity as a police officer and/or SERT Officer while committing these and other similar acts and omissions, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team SERT Officers and John/Jane Does 1-10 deprived plaintiff, Krystal A. Underwood of due process, civil and constitutional rights, and privileges and immunities guaranteed to her by the Constitution of the United States (including but not limited to her Fourth Amendment right to be free from the unlawful seizure of her person, her Eight Amendment right to be free from cruel and unusual punishment, and her Fifth and Fourteenth Amendment rights to due process of law); 42 U.S.C. §1983; the New Jersey Constitution (including but not limited to Article I, Sections 1, 7 and 12); the New Jersey Civil Rights Act, N.J.S.A.10:6-1 *et. seq.,* and the New Jersey Tort Claims Act. N.J.S.A. 59:3-1a.

45.     Defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10, knew or should have

known that their acts or omissions would result in violations of plaintiff, Krystal A. Underwood's

due process, civil and constitutional rights, and privileges and immunities, as described hereinabove.

46.     The acts and omissions as described above of defendants, Brad Boehly, Mark

Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder,

David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT

Officers and John/Jane Does 1-10 were a direct and proximate cause of the injuries suffered by

plaintiff, Krystal A. Underwood.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants,

Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews,

Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden

County SERT Officers and John/Jane Does 1-10, jointly and severally, as follows:

    A.    Compensatory damages;

    B.    Punitive damages;

    C.    Costs of suit and interest;

    D.    Reasonable attorney fees pursuant, *inter alia* to 42 U.S.C. §1988; and

    E.    Any further relief this court deems appropriate and just.

### THIRD COUNT

**(Against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee,
Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin,
Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff
Emergency Response Team (SERT) and John/Jane Does 1-10)**

**[Intentional Infliction of Emotional Distress]**

47.     Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1

through 46 as though recited herein verbatim and at length.

48.     The conduct of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10 as set forth above was accompanied by wanton, reckless and willful disregard of the high degree of probability that plaintiff, Krystal A. Underwood would suffer emotional distress as a result of said defendants' actions.

49.     The damages suffered by plaintiff, Krystal A. Underwood were caused by defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10's intentional and/or reckless acts or omissions.

50.     The conduct of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10 was severe and outrageous, constituting an intentional infliction of emotional distress upon plaintiff, Krystal A. Underwood.

51.     When the said defendants engaged in the described conduct they did so deliberately and intentionally with the knowledge and/or intent that said conduct would likely cause plaintiff, Krystal A. Underwood emotional distress.

52.     As a direct and proximate result, plaintiff, Krystal A. Underwood suffered extreme and severe emotional distress, anxiety and physical manifestations thereof, all to her detriment and damage.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10, jointly and severally, as follows:

A.    Compensatory damages;

B.    Punitive damages;

C.    Attorney's fees, costs of suit and interest; and

D.    Any further relief this court deems appropriate and just.

## FOURTH COUNT

**(Against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team (SERT) and John/Jane Does 1-10)**

**[Negligent Infliction of Emotional Distress]**

53.    Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 52 as though recited herein verbatim and at length.

54.    If not done deliberately and/or willfully, intentionally and/or recklessly, the conduct of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10 as set forth above was negligent.

55.    It was reasonably foreseeable by defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-

10 that the complained of conduct would cause genuine and substantial emotional distress or emotional harm to the average person.

56.     As a direct and proximate result of the conduct of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10, plaintiff, Krystal A. Underwood suffered extreme and severe emotional distress and physical manifestations thereof.

57.     By reason of such negligent infliction of emotional distress, plaintiff, Krystal A. Underwood has suffered damages.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10, jointly and severally, as follows:

      A.     Compensatory damages;

      B.     Attorney's fees, costs of suit and interest; and

      C.     Any further relief this court deems appropriate and just.

## FIFTH COUNT

**(Against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team (SERT) and John/Jane Does 1-10)**

**[Negligence]**

58.     Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 57 as though recited herein verbatim and at length.

59.     The acts of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10 as set forth above were negligent.

60.     It was reasonably foreseeable by said defendants that their conduct would cause injury to plaintiff, Krystal A. Underwood.

61.     As a direct and proximate result of the negligence of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10, plaintiff, Krystal A. Underwood sustained psychological and emotional injuries and financial loss.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10, jointly and severally, as follows:

      A.     Compensatory damages;

      B.     Attorney's fees, costs of suit and interest; and

      C.     Any further relief this court deems appropriate and just.

## SIXTH COUNT

**(Against defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and ABC Corporations 1-5)**

**[Vicarious Liability]**

62.     Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 61 as though recited herein verbatim and at length.

63.     At all relevant times, defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and various John/Jane Doe defendants were servants, agents and/or employees of defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and/or ABC Corporations 1-5.

64.     The acts and omissions of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and various John/Jane Doe defendants set forth above were taken in performance of their respective duties as servants, agents and/or employees of defendants.

65.     The said acts and omissions were incidental to the performance of the duties of defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and various John/Jane Doe defendants.

66.     Defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and various John/Jane Doe defendants intentional, malicious, reckless and/or negligent acts occurred substantially within the time and space limits of their employment and were motivated in part to serve the defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and/or ABC Corporations 1-5.

16

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and/or ABC Corporations 1-5 jointly and severally, as follows:

        A.    Compensatory damages;

        B.    Punitive damages;

        C.    Attorney's fees, costs of suit and interest; and

        D.    Any further relief this court deems appropriate and just.

## SEVENTH COUNT

**(Against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team (SERT) and John/Jane Does 1-10)**

**[Failure to Act]**

67.    Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 66 as though recited herein verbatim and at length.

68.    Defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10 each knew of the actions of the other defendants, yet did nothing to prevent or stop them.

69.    By reason of their presence at the scene, the said defendants were each duty bound to attempt to stop or prevent the unlawful conduct of the other defendants upon the plaintiff, Krystal A. Underwood.

70.    The said defendants each took no action or intentionally insufficient action to stop or prevent the acts of the other defendants.

17

71.    As a direct and proximate result, plaintiff, Krystal A. Underwood has been damaged.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County SERT Officers and John/Jane Does 1-10, jointly and severally, as follows:

      A.    Compensatory damages;

      B.    Attorney's fees, costs of suit and interest; and

      C.    Any further relief this court deems appropriate and just.

### EIGHTH COUNT

**(Against defendants, Michael Higgins, John/Jane Doe and/or ABC Corporation)**

72.    Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 71 as though recited herein verbatim and at length.

73.    The owner, and/or landlord, and/or person or entity responsible for maintaining the property, Michael Higgins, John/Jane Doe, and/or ABC Corporation, failed to provide the proper markings, signs, or numbering for the apartments located at 308 Walnut Avenue property,  and/or failed to properly register the property or otherwise  publicize or notify Gloucester City, Camden County, and/or the State of New Jersey that the property at 308 Walnut Avenue consisted of two separate apartments with separate entrances.

74.    As a direct and proximate result of the conduct described in the previous paragraph, plaintiff, Krystal A. Underwood has been damaged.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against defendants, Michael Higgins, John/Jane Doe and/or ABC Corporation, jointly and severally, as follows:

      A.    Compensatory damages;

B.      Attorney's fees, costs of suit and interest; and

C.      Any further relief this court deems appropriate and just.

## NINTH COUNT

**(Against defendants, Brad Boehly, Mark Kemner, Zachary Kolins, Michael McNamee, Scot Mennel, Robert Plews, Donald Souder, David Wright, Andrew Austin, Stephen Bezich, Sal Russomanno, Camden County Office of the Sheriff Emergency Response Team (SERT) and John/Jane Does 1-10; and defendants, Camden County Office of the Sheriff, Camden County Prosecutor's Office and ABC Corporations 1-5, Michael Higgins, John/Jane Doe and/or ABC Corporation)**

**[Gross Negligence, Punitive Damages]**

75.     Plaintiff, Krystal A. Underwood repeats the allegations contained in paragraphs 1 through 74 as though recited herein verbatim and at length.

75.     The acts of each of the defendants were knowing, intentional, willful, malicious, wanton, reckless and grossly negligent.

76.     For these reasons, plaintiff, Krystal A. Underwood is entitled to an award of compensatory and punitive damages against defendants.

WHEREFORE, plaintiff, Krystal A. Underwood demands judgment against all defendants, jointly and severally, as follows:

A.      Compensatory damages;

B.      Punitive damages;

C.      Attorney's fees, costs of suit and interest; and

D.      Any further relief this court deems appropriate and just.

*Thomas J. Gossé, Esquire*
THOMAS J. GOSSÉ, ESQUIRE

**DATED:** February 25, 2022

19

## DEMAND FOR JURY TRIAL

Plaintiff, Krystal A. Underwood hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Thomas J. Gossé, Esquire, is hereby designated as trial counsel in the above matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES PURSUANT TO RULE 4:17-1

Demand is hereby made for Answers to Form C Uniform Interrogatories to be answered by all defendants in the above matter within the time prescribed by the Rules of the Court.

## NOTICE OF UTILIZATION OF TIME UNIT METHOD OF CALCULATING DAMAGES

Be advised that plaintiff may utilize the time unit method for calculating damages at the time of trial.

## CERTIFICATION

1.     I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2.     To my knowledge, no other action or arbitration procedure is contemplated.

3.     I have no knowledge at this time of the names of any other parties who should be joined in this action.

*Thomas J. Gossé, Esquire*
THOMAS J. GOSSÉ, ESQUIRE

**DATED:** February 25, 2022

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-000507-22

Case Caption: UNDERWOOD KRYSTAL  VS CAMDEN
COUNTY SHERIF F'S OF

Case Initiation Date: 02/25/2022

Attorney Name: THOMAS J GOSSE

Firm Name: THOMAS J. GOSSE

Address: 126 WHITE HORSE PIKE

HADDON HEIGHTS NJ 08035

Phone: 8565466600

Name of Party: PLAINTIFF : UNDERWOOD, KRYSTAL, A

Name of Defendant's Primary Insurance Company
(if known): AMERIHEALTH CASUALTY SERVICES

Case Type: CIVIL RIGHTS

Document Type: Complaint with Jury Demand

Jury Demand: YES - 12 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Are sexual abuse claims alleged by: KRYSTAL A UNDERWOOD?
NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
　　　If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
　　　If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? YES  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/25/2022
Dated

/s/ THOMAS J GOSSE
Signed